*448
 
 Mr. Justice GRIER
 

 delivered the opinion of the court:
 

 In the case of
 
 United States
 
 v.
 
 Halleck,
 

 *
 

 it is said that “ the decree is a finality, not only as to the question of title, but as to the boundaries which it specifies.” If erroneous in either particular, the remedy was by appeal; but the appeal having been withdrawn by the Government, the question of its correctness is forever closed. In
 
 The Fossat Case,
 

 †
 

 the same doctrine was fully established.
 

 The final decree in this case sets forth the specific boundaries of the land granted, and it is admitted that the surveyor found no difficulty in finding the monuments and boundaries described in this decree. But as these boundaries included about .three leagues, the surveyor-general, assuming that the grant was confined to two leagues, excluded a league of land within these boundaries on the western side, and included it in' the survey of the Nicasio rancho, which adjoins.
 

 As the owners of the Novato tract noW in question did not appeal from' that survey, and are content to take this survey of two leagues, we are not bound
 
 now
 
 to decide whether, according to the decree, they were not entitled to have
 
 all
 
 the land included within the boundaries mentioned in the decree, and whether the words' " containing two leagues, a little more or less,” should be construed merely as a conjee-' tural estimate of the quantity contained within the boundaries described. But one thing is certain, that if the United States have taken a league on the western side of the No-vato, and given it to the Nicasio rancho, it is with an ill grace that they who use their name now seek to take another league on the east.
 

 The Punto del Potrero, a peninsula almost entirely surrounded by a salt marsh, is as clearly within the decree as language can make it. The decree being itself clear and precise, does not refer to the rough daubs called diseños, or to the record of juridical possession for the purpose of rendering uncertain that which the decree made certain. The
 
 *449
 
 formula of this delivery of possession, or livery of seizin, did not require a survey of the estate. Perhaps the province of California at that time could not furnish a man capable of making an accurate survey. In the present case, the alcalde proceeded “
 
 to see caul reconnoitre”
 
 the monuments claimed as corners in company of the witnesses, “
 
 being himself on horseback for the better understanding;”
 
 and after divers measurements made with a rope, he “ concluded that it results that the rancho has five thousand varas in length and ten thousand in breadth.” That would constitute a rectangular figure, whose contents would be easy of calculation, and avoid the difficulty of calculating the area of an irregular one, made by lines running from one monument or corner to another. The court below were fully justified in “ entirely discarding” this document from consideration, whether it
 
 w&s “ hopelessly confused and unintelligible” or
 
 not. We need not, therefore, further examine the argument of the learned counsel of the appellants whether the opinion of that court was correct or not on the construction of that document.
 

 Another objection was made, though not much urged, that the survey in question was void, because not. made by the surveyor-general in person, and because he had no
 
 u lawful authority”
 
 to approve a survey made by a deputy. This objection requires no further remark than merely to observe that the permission given by the act.of 1860 to private intervenorB to prosecute appeals to this court, in the name of the United States, may be much abused in cases where the Mexican grantee* is compelled to defend himself even a second time in this court, and to answer frivolous objections to his title or his survey at the suggestion of any litigious intruder or secret intervenor. The party wronged by the appeal receives no'costs from the Government; while the Government its'elf is made to pay the expenses of the oppressive and unjust litigation in which it has been made-the actor by this class of persons.
 

 DECREE AFETRMED.
 

 *
 

 1 Wallace, 439.
 

 †
 

 Infra,
 
 p. 649.